IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE WILLIAMS,

    Plaintiff,                       No. 2:08-cv-0549 JAM JFM (PC)

    vs.

DR. DASSAH,                             ORDER AND

    Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant's motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendant contends that plaintiff failed to exhaust administrative remedies prior to suit as to Dr. Dassah, and that plaintiff also failed to timely file a tort claim against Dr. Dassah.

        In the May 22, 2009 amended complaint, plaintiff alleges that "at some point after [2006]" (id. at 3), Dr. Dassah violated the Eighth Amendment by neglecting to examine plaintiff, indicating he had no knowledge of any phrenic nerve damage, and advising plaintiff that due to his kidney transplant, plaintiff was unable to tolerate albuterol used with breathing treatments. (Id. at 3-4.)

/////

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Claims dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. Id.

The Supreme Court has addressed the exhaustion requirement in Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules "so that the agency addresses the issues on the merits." Id., 548 U.S. 81, 126 S.Ct. 2378, 2385-88 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 2386. Partial compliance is not enough. See id.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§

1    3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
     resolved during the informal appeal, the grievant next proceeds to
2    the first formal appeal level, usually conducted by the prison's
     Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the
3    second level, providing review by the institution's head or a
     regional parole administrator, and the third level, in which review
4    is conducted by a designee of the Director of the Department of
     Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.) Department regulations require that

> (1) Informal level responses shall be completed within ten working
> days.
>
> (2) First level responses shall be completed within 30 working
> days.
>
> (3) Second level responses shall be completed within 20 working
> days, or 30 working days if first level is waived pursuant to section
> 3084.5(a)(3).
>
> (4) Third level responses shall be completed within 60 working
> days.

Cal.Code Regs., tit. 15, § 3084.6(b).

Plaintiff's claim against defendant Dr. Dassah is based on his assertion that defendant Dassah was deliberately indifferent to plaintiff's serious medical needs, beginning at some point after 2006.

Defendant has provided copies of plaintiff's grievances filed after the December 26, 2006 coronary artery bypass graft redo procedure performed by Dr. Klingman. (Grannis Decl., Exs. A-C.) In plaintiff's CDC-1824, log number 07M-478, plaintiff challenged the injury he sustained during the heart surgery on December 26, 2006. (Id., Ex. B.) Plaintiff complained that the "foul-up" during his surgery was deliberate indifference to his health and asked to be granted compensation for his injury. (Id.) When that grievance was denied, plaintiff stated:

> I am very dissatisfied to the response of my appeal, I take it as a[n]
> unfair respon[se] to the fact that I was injur[ed] in a[n] operation
> that the surgeon foul[ed]. An[d] as a result of his profession he
> caused me to be in great pain and suffer a life long injury to my
> body.

3

(Id., Ex. B at 3.) In the first level appeal response, Dr. Andreasen explained plaintiff's grievance as follows:

> In your appeal you stated that in December 2006 you had cardiac bypass surgery at the Queen of the Valley Hospital (QVH), that your diaphragm was cut during the surgery so that the diaphragm pushes up on your right lung. Now you can not breath[e] lying down, you need supplemental oxygen during much of the day and you need breathing treatments. The surgery also caused a chronic pain problem. You have anxiety knowing that you were harmed by the surgery and you worry what other bad results you will have later.

(Id., Ex. B, at 4.) Dr. Andreasen noted plaintiff did not want to talk, but just wanted compensation. (Id., Ex. B at 4.)

Plaintiff is correct that he was not required to specifically name Dr. Dassah in order to exhaust his administrative remedies against him. However, plaintiff is required to provide sufficient factual information to put prison officials on notice as to the nature of his claims. Construing plaintiff's grievances liberally, the court cannot find that plaintiff put prison officials on notice that he was not receiving appropriate follow-up care. Plaintiff was clearly challenging the alleged malpractice that took place during his 2006 surgery. Plaintiff did not set forth any specific incident where treatment was denied him post-surgery. Dr. Andreasen specifically noted the follow-up care plaintiff had received, which included supplemental oxygen and breathing treatments. (Id., Ex. B.) Moreover, medical records appended to plaintiff's original complaint demonstrate plaintiff received follow-up medical care. (March 17, 2008 Order at 6.)

Plaintiff argues that Dr. Dassah was an integral part of his cardiac team, and performed the heart cath procedure on December 23, 2006. However, it is undisputed that Dr. Dassah was not present during the December 26, 2006 surgery. The fact that Dr. Dassah was one of plaintiff's treating doctors does not make him responsible for what occurred during the December 26, 2006 procedure.

/////

Defendant has demonstrated that plaintiff has failed to exhaust his claims that Dr. Dassah was deliberately indifferent to plaintiff's serious medical needs after 2006. Defendant's motion to dismiss will be granted.

The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. However, when all federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988). Therefore, this court should decline to exercise jurisdiction over plaintiff's state law claims.

On February 11, 2009, plaintiff filed a second motion for leave to amend his complaint. Plaintiff appended a proposed amended complaint.

A review of plaintiff's proposed amended complaint reveals that plaintiff is again attempting to bring claims against Dr. Klingman and others based on the alleged damage to the phrenic nerve that took place during the December 26, 2006 re-do coronary artery bypass graft procedure. By order filed March 17, 2008, this court provided a detailed review of plaintiff's medical records and concluded plaintiff could not state a cognizable § 1983 claim because plaintiff's allegations, at most, constituted medical negligence. In light of this court's March 17, 2008 findings, as well as plaintiff's failure to exhaust his administrative remedies concerning follow-up care, this court will recommend that the dismissal of this action be with prejudice.

On March 6, 2009, plaintiff filed an amended request for relief and request for judicial notice. Plaintiff is advised that a complaint must be complete in and of itself; the court will not allow piecemeal pleadings. Plaintiff's request will be denied.

In light of these findings and recommendations, plaintiff's April 22, 2009 motion to compel will be denied without prejudice to its renewal should the district court fail to adopt the instant recommendations.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 11, 2009 motion for leave to amend is denied.

2. Plaintiff's March 6, 2009 request is denied.

3. Plaintiff's April 22, 2009 motion to compel is denied without prejudice.

IT IS HEREBY RECOMMENDED that:

1. Defendant's March 25, 2009 motion to dismiss be granted;

2. This court should decline to exercise jurisdiction over plaintiff's state law claims.

3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; will0549.fte